UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DALE D.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:18-CV-05306-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider medical opinion evidence from Dr. Peter A. Weiss, Ph.D., Dr. Keith J. Krueger, Ph.D., and Dr. J. Dalton, M.D. Had the ALJ properly considered these medical opinions, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's errors are therefore not harmless, and this matter is reversed and

remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

### FACTUAL AND PROCEDURAL HISTORY

On August 6, 2014, Plaintiff filed an application for SSI, alleging disability as of January 1, 2011. *See* Dkt. 10, Administrative Record ("AR") 244. The application was denied upon initial administrative review and on reconsideration. *See* AR 244. ALJ S. Andrew Grace held a hearing on August 11, 2016. AR 261-93. In a decision dated January 5, 2017, the ALJ determined Plaintiff to be not disabled. AR 241-60. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) state any specific, legitimate reason, supported by substantial evidence, to discount medical opinion evidence from Dr. Weiss; (2) properly reject medical opinions from Drs. Kreuger, Dalton, and Brown about Plaintiff's ability to communicate and perform effectively in a work setting; (3) correctly consider the opined Global Assessment of Functioning ("GAF") scores in the record; (4) state legally sufficient reasons to discount Plaintiff's subjective symptom testimony; and (5) provide an RFC and Step Five findings supported by substantial evidence. Dkt. 16, pp. 4-14. Plaintiff requests, due to these alleged errors, the Court remand this matter for an award of benefits. *Id.* at 14.

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

I. **Whether the ALJ provided legally sufficient reasons to discount the medical opinion evidence.**

Plaintiff contends the ALJ erred by failing to provide specific and legitimate reasons to discount Dr. Weiss's medical opinions; opinions from Drs. Kreuger, Dalton, and Brown about Plaintiff's limitation in his ability to communicate and perform effectively in a work setting; and the GAF scores contained throughout the record. Dkt. 16, pp. 4-13.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. Dr. Weiss

Plaintiff first maintains the ALJ failed to provide specific and legitimate reasons to discount two opinions from Dr. Weiss – a psychological evaluation dated July 7, 2016,[1] and a

---

[1] Dr. Weiss's July opinion appears twice in the administrative record. *See* AR 613-17, 618-27. The Court cites the opinion the first time it appears in the administrative record.

psychological evaluation dated October 5, 2016. *See* AR 613-17, 696-704. For his July evaluation, Dr. Weiss reviewed reports from four previous psychological evaluations and performed a clinical interview and mental status examination of Plaintiff. *See* AR 613-17. Dr. Weiss opined Plaintiff is moderately limited in three areas of basic work activities: his ability to understand, remember, and persist in tasks by following detailed instructions; his ability to learn new tasks; and his ability to adapt to changes in a routine work setting. AR 615. Additionally, Dr. Weiss found Plaintiff markedly impaired in his ability to maintain appropriate behavior in a work setting. AR 615.

Dr. Weiss also determined Plaintiff has severe limitations – defined as "the inability to perform the particular activity in regular competitive employment" – in multiple areas, such as the ability to communicate and perform effectively in a work setting, and set realistic goals and plan independently. AR 615. Further, Dr. Weiss opined Plaintiff is severely limited in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. AR 615. Likewise, Dr. Weiss determined Plaintiff is severely limited in his ability to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 615. In all, Dr. Weiss rated Plaintiff's mental impairments as "severe." AR 615.

During his October 2016 psychological evaluation, Dr. Weiss conducted another mental status examination of Plaintiff, and tested Plaintiff's sensorium and mental capacity. AR 697-99. In a narrative-form medical source statement, Dr. Weiss opined Plaintiff has difficulty with reasoning and "would have difficulty with complicated instructions and tasks." AR 699. Dr. Weiss wrote Plaintiff's socialization is "severely impaired" by schizoaffective disorder. AR 699. In addition, Dr. Weiss determined Plaintiff's "paranoid ideation appears to impair his judgment"

and "severely compromises his social functioning." AR 699. Plaintiff's "sustained concentration and persistence" are "severely impaired," and his "auditory hallucinations also appear to negatively affect his ability to concentrate and persist in tasks." AR 699. In all, Dr. Weiss opined Plaintiff's "adaptive impairment is severe." AR 699. Dr. Weiss recommended Plaintiff resume outpatient psychiatric treatment but determined his symptoms "appear to be chronic in nature" and thus, "his mood and psychotic symptoms are likely to persist even with treatment. His prognosis therefore appears poor." AR 699-700.

In a check-box form medical source statement based on his October 2016 evaluation, Dr. Weiss opined Plaintiff is moderately limited in his ability to understand and remember complex instructions, carry out complex instructions, and make judgments on complex work-related decisions. AR 701. Dr. Weiss found Plaintiff has a marked limitation in his ability to respond appropriately to usual work situations and changes in a routine work setting. AR 702. Dr. Weiss further determined Plaintiff has an extreme limitation – defined as "no useful ability to function" – in his ability to interact appropriately with the public, supervisors, and co-workers. AR 702.

The ALJ summarized Dr. Weiss's opinions and gave them partial weight:

> The moderate limitations are given great weight as well as the limitation relating to interacting with the public. Dr. Weiss' [sic] limitations in social interaction, complexity of work, stress, and speed are given great weight and are supported by the above residual functional capacity. **(1)** However, the rest of the marked and severe limitations are not consistent with the medical records showing greater activity, improvement with treatment, and his decision not to pursue additional treatment. **(2)** In addition, the contemporaneous treatment notes completely contradict Dr. Weiss' [sic] opinion. For example, notes dated June 2016 indicated the claimant was doing well on medications, he had graduated from drug court, and his major depressive disorder with psychosis was in full remission.

AR 254 (citation omitted) (numbering and emphasis added).

First, the ALJ rejected some of the marked and severe limitations Dr. Weiss opined because he found them inconsistent with Plaintiff's medical record, improvement with treatment,

and decision not to pursue treatment. AR 254. An ALJ may discount a physician's opinion which is inadequately supported "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted). But an ALJ cannot use a conclusory statement to reject a physician's findings; rather, the ALJ must state his interpretations of the evidence and explain why they, rather than the physician's interpretations, are correct. *See Embrey*, 849 F.2d at 421-22.

Here, the ALJ failed to explain how Plaintiff's medical records, improvement, and decision not to pursue treatment contradict Dr. Weiss's findings that Plaintiff is limited in various work activities. *See* AR 254. In other words, the ALJ failed to provide his interpretation of the evidence and explain why Dr. Weiss's opinions regarding Plaintiff's limitations should be rejected. The ALJ did not, for instance, provide any discussion as to how Plaintiff's improvement with treatment is inconsistent with Dr. Weiss's findings. The ALJ also failed to identify any evidence supporting his assertion. *See* AR 254.

The ALJ's assertion that Plaintiff made a "decision" to no longer pursue treatment is further unsupported by the record. Plaintiff testified at the hearing that he has a new counselor who has continually rescheduled his appointments and told Plaintiff there was "nothing" he could do for Plaintiff. AR 272-75. Plaintiff requested a new counselor and was, at the time of the hearing, waiting to hear back from his treatment facility. AR 274. Accordingly, contrary to the ALJ's finding, Plaintiff did not make a "decision" not to pursue additional treatment; rather, the record shows Plaintiff intended to continue treatment once he had been assigned a new counselor. *See* AR 272-75. This reason to reject Dr. Weiss's opinion is therefore unsupported by substantial evidence in the record.

Furthermore, the Ninth Circuit has held that an ALJ cannot "conclude that [a physician's] assessment of claimant's condition is inaccurate" because the claimant failed to seek treatment. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). This is particularly true because those afflicted with mental illness "often do not recognize that their condition reflects a potentially serious mental illness." *Id.* (citation omitted); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation"). Hence, even assuming Plaintiff chose to no longer seek treatment, the ALJ's reasoning is erroneous.

In all, the ALJ's first reason for discounting Dr. Weiss's opinions is not specific and legitimate because it is conclusory and unsupported by the record. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Second, the ALJ discounted Dr. Weiss's opinions because they contradict with contemporaneous treatment notes. AR 254 (citation omitted). An ALJ can discount a medical opinion if there are inconsistencies between the opinion and contemporaneous treatment records. *See Parent v. Astrue*, 521 Fed. Appx. 604, 608 (9th Cir. 2013) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 20008)). In this case, the ALJ asserted Dr. Weiss's opinions from July and October 2016 "completely contradict" a treatment note from June 2016 showing Plaintiff "doing well[.]" AR 254. But the ALJ failed to explain what aspects

of Dr. Weiss's opinions contradict this treatment note. *See Embrey*, 849 F.2d at 422 (an ALJ cannot merely state facts he claims "point toward an adverse conclusion and make[] no effort to relate any of these objective factors to any of the specific medical opinions and findings [he] rejects").

With respect to the ALJ's finding that Dr. Weiss's opinions are inconsistent with treatment notes showing Plaintiff graduated from drug court, Plaintiff testified at the hearing that he hoped participating in drug court would help his mental health issues. AR 271-72. However, he said the program did not "seem to make any difference." AR 271. Thus, this finding from the ALJ is unsupported by the record, as Plaintiff's testimony and the treatment note showing Plaintiff graduated from drug court provide no basis to conclude he did not have the limitations Dr. Weiss opined.

In addition to being conclusory and unsupported by the record, this reason from the ALJ is error because he failed to explain why he found the treatment note more persuasive than Dr. Weiss's objective tests and opinions about Plaintiff. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("An ALJ errs when he rejects a medical opinion or assigns it little weight while . . . asserting without explanation that another medical opinion is more persuasive."). Hence, the ALJ's conclusory statement about one contemporaneous treatment note is insufficient to reject Dr. Weiss's findings. *See id.*; *see also Reddick*, 157 F.3d at 725 (an ALJ can provide specific and legitimate reasons "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings").

For the above stated reasons, the Court finds the ALJ failed to provide a specific, legitimate reason, supported by substantial evidence in the record, to discount Dr. Weiss's medical opinions. Accordingly, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The Ninth Circuit has held "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

In this case, had the ALJ properly considered Dr. Weiss's opinions, the RFC and hypothetical questions posed to the vocational expert ("VE") may have contained additional limitations. For instance, the RFC and hypothetical questions posed to the VE may have indicated Plaintiff is unable to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. *See* AR 249, 288-90, 615. The RFC and hypothetical questions may have also contained greater social limitations considering Dr. Weiss's finding that Plaintiff is unable to communicate and perform effectively in a work setting. *See* AR 249, 288-90, 615. Because the ultimate disability determination may have changed with proper consideration of Dr. Weiss's opinions, the ALJ's errors are not

harmless and requires reversal. The ALJ is directed to re-evaluate both of Dr. Weiss's opinions on remand.

B. <u>Drs. Kreuger, Dalton, and Brown</u>

Next, Plaintiff argues the ALJ failed to provide legally sufficient reasons to reject opinions from Drs. Kreuger, Dalton, and Brown about Plaintiff's ability to communicate and perform effectively in a work setting.[2] Dkt. 16, pp. 11-13.

1. *Dr. Kreuger*

On June 12, 2014, Dr. Krueger conducted a psychological/psychiatric evaluation of Plaintiff. AR 536-44. Dr. Krueger's evaluation included a review of three previous psychological evaluations, a clinical interview, a mental status examination, and other tests. *See* AR 536-44. Dr. Krueger opined Plaintiff has several moderate limitations in his ability to conduct work activities and, in pertinent part, a "marked" limitation in the ability to communicate and perform effectively in a work setting. AR 538.

The ALJ gave Dr. Krueger's opinion "partial weight," finding the opined moderate limitations supported by Plaintiff's impairments but rejecting the opined marked limitation because:

> (1) the marked limitation in communicating and performing effectively is not supported by the treatment records. (2) The claimant was not seeking any treatment back then (3) and he was doing volunteer work. (4) The claimant also reported improvement.

AR 252 (citation omitted) (numbering added).

---

[2] Plaintiff asserts the ALJ failed to properly consider this opined limitation from Dr. Weiss, as well. Dkt. 16, p. 11. Because the Court has already determined the ALJ committed harmful error in considering Dr. Weiss's opinions and directed the ALJ to re-evaluate the opinions on remand, the Court does not discuss the ALJ's treatment of Dr. Weiss's opinions here.

1   The ALJ gave four reasons to reject Dr. Krueger's opinion that Plaintiff is markedly

2 limited in his ability to communicate and perform effectively in a work setting. *See* AR 252.

3 However, each of the ALJ's reasons is conclusory. The ALJ did not, for example, explain how

4 the treatment records fail to support this opined limitation. *See* AR 252. Likewise, the ALJ did

5 not explain how Plaintiff's lack of treatment, volunteer work, and reports of improvement

6 contradict Dr. Krueger's opinion that Plaintiff has a marked limitation in this basic work activity.

7 *See* AR 252. The ALJ also did not identify the specific evidence he relied on to make these

8 conclusions. *See* AR 252. Moreover, by rejecting Dr. Krueger's opinion because of Plaintiff's

9 lack of treatment at the time, the ALJ again used reasoning unsupported by the record in light of

10 Plaintiff's testimony. *See* AR 272-75.

11   In addition, with respect to Plaintiff's volunteer work, the record reflects Plaintiff

12 periodically volunteers at a homeless shelter by sorting clothing, assisting with the food bank,

13 building a new shelter, and serving food to the homeless. AR 537, 673, 675, 680, 683, 688.

14 However, none of the records about Plaintiff's volunteer work indicate whether, or how much,

15 Plaintiff is required to perform and communicate effectively while volunteering. *See* 537, 673,

16 675, 680, 683, 688. On this bare record, the Court cannot determine whether Plaintiff's volunteer

17 work is inconsistent with Dr. Krueger's finding that Plaintiff is markedly limited in his ability to

18 communicate and perform effectively in a work setting.

19   Given the ALJ's conclusory reasoning and lack of record support, the Court cannot find

20 the ALJ sufficiently rejected Dr. Krueger's opinion that Plaintiff is markedly limited in his

21 ability to communicate and perform effectively in a work setting. Accordingly, the ALJ erred.

22 *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation

23 omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine

24

whether the ALJ's conclusions were supported by substantial evidence"); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the [Social Security Administration's] ultimate findings.").

Had the ALJ properly considered Dr. Krueger's opinion that Plaintiff is markedly limited in his ability to communicate and perform effectively in a work setting, the RFC and hypothetical questions posed to the VE may have contained additional social limitations. As the ultimate disability decision may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115. The ALJ is instructed to reassess Dr. Krueger's opinion on remand.

2. *Dr. Dalton*

Dr. Dalton conducted a review of Plaintiff's medical evidence on July 10, 2014. AR 552-56. Like Dr. Krueger, Dr. Dalton found Plaintiff had moderate limitations in various mental work activities and a "marked" limitation in his ability to communicate and perform effectively in a wok setting. *See* AR 553. The ALJ rejected this marked limitation from Dr. Dalton because:

> (1) The claimant was not seeking any treatment back then (2) and he was doing volunteer work. (3) Dr. Dalton mainly summarized other evidence (4) and he was not able to examine the claimant.

AR 252 (numbering added).

Although the ALJ stated four reasons to reject Dr. Dalton's opinion that Plaintiff is markedly limited in his ability to communicate and perform effectively, none of these reasons is sufficiently specific. The ALJ's first two reasons to reject this limitation are two of the same legally insufficient reasons the ALJ gave to reject this opined limitation from Dr. Krueger. *See* AR 252. Yet as he did in his evaluation of Dr. Krueger's opinion, the ALJ failed to explain how Plaintiff's treatment and volunteering undermine Dr. Dalton's opinion that Plaintiff is markedly

limited in his ability to communicate and perform effectively in a work setting. *See* AR 252. The ALJ also did not explain how the fact that Dr. Dalton summarized other evidence and did not examine Plaintiff require that this opined limitation be rejected. *See* AR 252. As all four of the ALJ's reasons for rejecting this opined limitation from Dr. Dalton are conclusory, the ALJ failed to provide any specific, legitimate reason, supported by substantial evidence, to reject this limitation. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *Embrey*, 849 F.2d at 421 (an ALJ errs when he states a medical opinion is contrary to the objective findings without further explanation, "even when the objective factors are listed seriatim").

Furthermore, because the RFC and hypothetical questions posed to the VE may have contained greater social limitations had the ALJ properly considered this opined limitation from Dr. Dalton, the ALJ's errors are not harmless. The ALJ is directed to re-evaluate Dr. Dalton's opinion on remand.

    3. *Dr. Brown*

Dr. Brown conducted a psychological/psychiatric evaluation of Plaintiff on April 13, 2012. AR 532-35. Dr. Brown's evaluation included a clinical interview and mental status examination. *See* AR 532-35. In his clinical findings, Dr. Brown wrote, in relevant part, that Plaintiff suffers from panic attacks which are sometimes "triggered by being in public settings." AR 532. Dr. Brown wrote Plaintiff "does not tolerate crowds but [can] shop in stores as long as he gets in and out quickly and he is shopping at times that other patrons do not frequent." AR 532-33. Moreover, Dr. Brown determined Plaintiff would likely "not work well with the public." AR 534.

The ALJ gave Dr. Brown's opinion "limited weight," writing:

> . . . Dr. Brown did not offer a medical source statement and this opinion was years before the current application date. Dr. Brown did not make a function-by-function assessment of the individual's capabilities. Dr. Brown also noted the claimant was able to complete activities of daily living, the claimant had a few friends, and he was able to remember and execute simple instructions. The claimant was cooperative and compliant during the examination. He was oriented to person, place and time. He was successful with the three-step instruction. He did fairly well on calculations.

AR 252 (citation omitted).

Plaintiff argues Dr. Brown's evaluation "indicate[d] profound social deficits, such as panic attacks and intolerance of crowds," which the ALJ failed to properly consider. Dkt. 16, p. 11. Notably, the ALJ's assessment of Dr. Brown's opinion contained conclusory reasoning. For example, although the ALJ listed findings from Dr. Brown's evaluation, he did not explain how any of the cited findings undermine Dr. Brown's opinion. *See* AR 252.

Yet even assuming the ALJ erred in his discussion of Dr. Brown's opinion, the Court notes any error may be harmless. While Dr. Brown wrote Plaintiff suffers from panic attacks in public, does not tolerate crowds, and would not work well with the public, the RFC and hypothetical questions posed to the VE provide Plaintiff should have no contact with the public, and limited contact with co-workers and supervisors. *See* AR 249, 288-90, 615

In any event, the Court has determined the ALJ committed harmful error in considering the medical opinion evidence from Drs. Weiss, Krueger, and Dalton, which included assessments about Plaintiff's social limitations. Because the ALJ's reconsideration of these physicians may impact his assessment of Dr. Brown, the Court directs the ALJ to reassess Dr. Brown's opinion as necessary on remand, in light of his re-evaluation of these other medical opinions.

1       C. <u>GAF Scores</u>

Lastly, Plaintiff argues that, considering the medical opinion evidence of Plaintiff's mental health impairments, the ALJ improperly discounted the GAF scores in the record. Dkt. 16, pp. 8-9.

The ALJ rejected the GAF scores because "they are simply subjectively assessed snapshots of the claimant's behavior and functioning on a given day." AR 254. Accordingly, the ALJ gave "more weight to the objective details in the record, which more accurately reflects [sic] the claimant's impairments and limitations." AR 254. In other words, the ALJ rejected the GAF scores partly because he found the objective observations about Plaintiff's mental health more persuasive. *See* AR 254. Since reconsideration of the objective medical opinion evidence from Drs. Weiss, Krueger, Dalton, and Brown may affect his assessment of Plaintiff's mental health, the Court does not discuss whether the ALJ properly considered the GAF scores. Rather, the Court instructs the ALJ to reweigh the GAF scores as necessary on remand, in light of his assessment of the medical opinion evidence.

      **II.**       **Whether the ALJ provided clear and convincing reasons to reject Plaintiff's subjective symptom testimony.**

Plaintiff also asserts the ALJ failed to provide any specific, clear and convincing reason to reject Plaintiff's subjective symptom testimony. Dkt. 16, p. 13.

Because Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's subjective symptom testimony, the Court declines to consider whether the ALJ erred with respect to Plaintiff's testimony. Instead, the Court directs the ALJ to reweigh Plaintiff's subjective symptom testimony as necessary on remand.

Nevertheless, the Court notes the ALJ's assessment of Plaintiff's subjective symptom testimony contains facially apparent errors. For instance, the ALJ wrote Plaintiff "showed significant activity in 2015" and "also had improvement with medications reported in 2016." AR 251 (citation omitted). The ALJ failed, however, to explain how Plaintiff's activities and improvement on medication undermine Plaintiff's subjective symptom testimony. *See* AR 251. Therefore, on remand, if the ALJ intends to reject Plaintiff's testimony, he is directed to provide specific, non-conclusory reasons for doing so. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (emphasis in original) (holding an ALJ errs when he fails to explain "*which* daily activities conflicted with *which* part of [the claimant's] testimony"); *see also Brown-Hunter*, 806 F.3d at 494 (citation omitted) ("Because the ALJ failed to identify the testimony [he] found not credible, [he] did not link that testimony to the particular parts of the record supporting [his] non-credibility determination. This was legal error.").

### III. Whether the RFC and Step Five findings are supported by substantial evidence.

Plaintiff next contends the RFC, hypothetical questions posed to the VE, and Step Five findings are not supported by substantial evidence. Dkt. 16, pp. 13-14.

The Court has found the ALJ committed harmful error and has directed the ALJ to reassess medical opinion evidence and Plaintiff's subjective symptom testimony on remand. *See* Sections I.-II., *supra*. Hence, the ALJ is directed to reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the national economy

Plaintiff can perform given the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

**IV. Whether an award of benefits is warranted.**

Lastly, Plaintiff requests the Court remand this case for an award of benefits. Dkt. 16, p. 14.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined the ALJ committed harmful error and has directed the ALJ to re-evaluate the medical opinion evidence from Drs. Weiss, Kreuger, Dalton, and Brown, Plaintiff's subjective symptom testimony, the RFC, and the Step Five findings on remand. Because outstanding issues remain regarding the medical evidence, Plaintiff's testimony, the RFC, and his ability to perform jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 18th day of December, 2018.

_David W. Christel_
United States Magistrate Judge